IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| YADIRA MARTINEZ,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CASUALTY UNDERWRITERS INSURANCE COMPANY; and JOHN DOES I-V,<br><br>　　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND<br><br><br>Case No. 2:24-CV-289 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Plaintiff's Motion to Remand. For the reasons discussed below, the Court will grant the Motion.

I.　BACKGROUND

　　　　Plaintiff brought this action in Utah state court, asserting claims for breach of contract and bad faith. Defendant removed this action invoking the Court's diversity jurisdiction. Defendant asserts that complete diversity exists because Plaintiff is a resident of Utah and Defendant is a Kansas corporation with its principal place of business in Kansas. Plaintiff seeks remand, asserting that Defendant is a citizen of Utah.

II.　DISCUSSION

　　　　"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."[1] A civil action brought in state court may be removed to federal

---

[1] *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (internal citations and quotation marks omitted).

1

court when "the district courts of the United States have original jurisdiction."[2] Removal statutes are to be strictly construed and all doubts are to be resolved against removal."[3] "[T]he parties removing [the] case to federal court . . . bear the burden of establishing jurisdiction by a preponderance of the evidence."[4]

At issue here is the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).[5] For purposes of §§ 1332 and 1441, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."[6] In its Notice of Removal, Defendant states that it is a Kansas corporation with its principal place of business in Kansas. In her Motion to Remand, Plaintiff provides evidence to suggests that Defendant may be a Utah citizen. In its Response, Defendant does not contest this evidence and concedes that remand is proper. Therefore, the Court will grant Plaintiff's Motion.

Plaintiff also requests her attorney's fees and costs in filing this Motion. Pursuant to 28 U.S.C. § 1447(c), an order remanding a case may require payment of costs and expenses, including attorney fees. "[T]he standard for awarding fees should turn on the reasonableness of the removal."[7] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c)

---

[2] 28 U.S.C. § 1441(a).

[3] *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted).

[4] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

[5] 28 U.S.C. § 1441(b)(2).

[6] *Id.* § 1332(c)(1).

[7] *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[8]

The Court cannot conclude that Defendant lacked an objectively reasonable basis for seeking removal. Defendant's counsel had a reasonable belief that Defendant was a citizen of Kansas, since that is its place of incorporation and where it has its principal place of business. Moreover, the evidence Plaintiff presents to demonstrate that Defendant is a citizen of Utah is less than clear. While that evidence states that Defendant is domesticated in Utah, the parties provide no analysis of whether this meets the citizenship requirements of § 1332(c)(1).[9] The Court need not resolve this issue since Defendant, as the party bearing the burden of demonstrating removal was proper, has not contested remand. Therefore, the Court declines to award Plaintiff her costs and fees in filing the Motion to Remand.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Remand (Docket No. 6) is GRANTED. It is further

ORDERED that this action be remanded to the Third Judicial District Court, Salt Lake County, State of Utah.

---

[8] *Id.*

[9] *See Carter v. Clear Fir Sales Co.*, 284 F. Supp. 386, 387 (D. Or. 1967) ("The fact that a corporation may be incorporated in more than one state, under the provisions of § 1332(c), does not mean that a corporation becomes a citizen of every state which requires it to secure a license or to domesticate itself, in order to do business in that state.").

DATED this 5th day of June, 2024.

                BY THE COURT:

                Ted Stewart
                United States District Judge